UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                        Case No. 8:24-cr-564-KKM-TGW

DANIEL LIBURDI, JOSEPH SCOTTO,
GREGORY WALKER, and FRANK
CARBONE, III,

    Defendants.
_____

## ORDER

A group of nonparty Entities[1] object to the Magistrate Judge's denial of their motion to quash a grand jury subpoena or, in the alternative, for a protective order. Obj. (Doc. 105). For the reasons below, the objection is overruled.

The Entities, which the United States alleges are owned or controlled by either defendant Daniel Liburdi or Frank Carbone III, or both, Resp. (Doc. 96) at 1, move to quash Grand Jury Subpoena No. 2022R01686-167, dated January 15, 2025. Mot. to Quash (MTQ) (Doc. 89) at 1. The subpoena is directed to Goldhawk

---

[1] XMY Enterprize LLC, Green Brick Media LLC, GGM Group Family Office LLC, Pompea Mountain TR, GGM Group LLC, Poseidon Yacht Charters LLC, Merchant Corner LLC, Time Management Plus LLC, Merchant Manager Limited LLC, Endless Viewz LLC, Power Play Media LLC, and Coast Capital Investments Group.

Financial PLLC, an accounting firm that possesses responsive documents that belong to the Entities. *Id.* at 1–2. The Entities seek quashal of the subpoena on Fifth Amendment grounds, or, in the alternative, a protective order. *Id.*

The Magistrate Judge held a hearing, (Doc. 108), and denied the motion, (Doc. 104). The Entities object. (Doc. 105).

If a party (or a nonparty) timely objects to a magistrate judge's order on "any matter that does not dispose of a charge or defense," the district judge must "modify or set aside any part of the order that is contrary to law or clearly erroneous." FED. R. CRIM. P. 59(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.' " *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

Nothing in the Magistrate Judge's order is clearly erroneous or contrary to law. The Entities argue that (1) they generally have a Fifth Amendment privilege against self-incrimination, relying on *Citizens United v. Federal Election Commission*, 558

2

U.S. 310 (2010), and (2) they may assert that privilege to quash a subpoena directed to a third party, citing *Fisher v. United States*, 425 U.S. 391 (1976). Neither argument persuades.

Well-settled, binding precedent establishes that artificial entities do not have a Fifth Amendment privilege against self-incrimination. *See, e.g.*, *Braswell v. United States*, 487 U.S. 99, 105 (1988) ("[A] corporation has no Fifth Amendment privilege."); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1303 n.2 (11th Cir. 2009) (same). The Entities fail to explain why *Citizens United*'s conclusion that the First Amendment protects a corporation's political speech undermines settled Fifth Amendment law. *See* 558 U.S. at 342–43.

Even if it did, though, the Entities fail to show that the subpoena would compel them to incriminate themselves. By their own admission, the "documents at issue are . . . in the possession of Goldhawk," not any of the Entities. Binding precedent establishes that a person has no Fifth Amendment privilege to object to a subpoena requiring a third party to produce an incriminating document absent some compulsion acting on the person asserting the privilege. *See, e.g., Fisher v. United States*, 425 U.S. 391, 397 (1976); *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 55 (1974) ("[A] party incriminated by evidence produced by a third party sustains no

3

violation of his own Fifth Amendment rights."). Indeed, the government may even compel a person himself to produce preexisting documents that incriminate him, so long as the production itself is not testimonial. *See United States v. Hubbell*, 530 U.S. 27, 35–36 (2000). Contra the Entities, the fact that in *Fisher* the movant gave the record to a third party after the government began to investigate, while here Goldhawk already had the Entities' papers, is immaterial. *See* MTQ at 2; Reply (Doc. 101) at 2–3. "The sole concern of the Fifth Amendment . . . is governmental coercion," and here, as in *Fisher*, the government has not compelled the Entities to do anything. *Colorado v. Connelly*, 479 U.S. 157, 170 (1986).[2] Accordingly, the subpoena would not violate the Entities' Fifth Amendment privilege if they had one.

---

[2] In support of their view of the Fifth Amendment, the Entities rely on Justice Brennan's concurrence in the judgment in *Fisher*, in which he interprets the Fifth Amendment to advance general privacy and private property norms:

> [T]he protection of personal privacy is a central purpose of the privilege against compelled self-incrimination. It is the invasion of a person's indefeasible right of personal security, personal liberty and private property that constitutes the essence of the offence that violates the privilege.

*Fisher*, 425 U.S. at 416 (Brennan, J., concurring in the judgment) (cleaned up) (quoting *Boyd v. United States*, 116 U.S. 616, 630 (1886)); *see* Hr'g Tr. (Doc. 108) 13:3–14. Yet the *Fisher* majority rejected Justice Brennan's view:

> We cannot cut the Fifth Amendment completely loose from the moorings of its language, and make it serve as a general protector of privacy[,] a word not mentioned in its text and a concept directly addressed in the Fourth Amendment. We adhere to the view that the Fifth Amendment protects

4

The Entities also try to incorporate by reference the arguments in defendant Carbone's motion to quash, (Doc. 83), and baldly state that "the subpoenas themselves are vague and overbroad," MTQ at 3. Yet they rightly concede that arguments may not be incorporated by reference, *see* Reply at 7 (citing Local Rule 3.01(f)), they concede that the subpoena is not vague, *see id.*, and they cite no authority in support of their overbreadth challenge.

The Entities thus identify no error in the Magistrate Judge's order denying their motion. Accordingly, their Objection (Doc. 105) is **OVERRULED**.

**ORDERED** in Tampa, Florida, on September 15, 2025.

Kathryn Kimball Mizelle
United States District Judge

---

against compelled self-incrimination, not the disclosure of private information.

*Fisher*, 425 U.S. at 401 (cleaned up) (quoting *United States v. Nobles*, 422 U.S. 225, 233 n.7 (1975)). Because the subpoena does not compel the Entities to do anything, the Fifth Amendment is not implicated.